IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAJUQUAN WILLIAMS, Individually and For Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CHEMSTREAM, INC.,<br><br>Defendant. | Case No. 2:24-cv-00272-MRH |

**WILLIAMS' BRIEF IN SUPPORT OF STAYING RULING ON CHEMSTREAM'S MOTION FOR JUDGMENT ON THE PLEADINGS**

**1.   INTRODUCTION.**

Williams respectfully asks the Court to stay ruling on Chemstream's Motion for Judgment on the Pleadings (Doc. 21) until after the issue of subject matter jurisdiction is settled.

On February 2, 2024, Williams sued Chemstream in Allegheny County's Court of Common Pleas. *See* Doc. 1-2. Chemstream removed Williams' state action, claiming the Class Action Fairness Act (CAFA) created federal jurisdiction. Doc. 1 at 1. But CAFA only applies if the proposed class consists of at least 100 members, as required by 28 U.S.C. § 1332(d)(5)(B). Because Chemstream failed to show the requisite class size, Williams promptly moved to remand. *See* Doc. 13.

On April 8, 2024, Chemstream filed a Motion for Judgment on the Pleadings pursuant to FED. R. CIV. P. 12(c). *See* Doc. 21. On April 29, Williams filed his Response and Brief in Opposition (Docs. 32, 33) pursuant to this Court's Order extending his deadline to respond. *See* Doc. 29. But this Court can only entertain Chemstream's motion if it first determines it has subject matter jurisdiction. *Tagayun v. Stolzenberg*, 239 Fed. App'x 708, 710 (3d Cir. 2007). Requiring the Court to spend additional resources addressing a motion before jurisdiction has been determined makes little sense. Williams thus asks the

Court to stay ruling on Chemstream's motion until—if necessary at all—after the Court rules on Williams' Motion for Remand (Doc. 13).

## 2. SUBJECT MATTER JURISDICTION COMES FIRST.

"An actual determination must be made whether subject matter jurisdiction exists before a court may turn to the merits of the case." *Tagayun*, 239 Fed. App'x at 710. "Without jurisdiction the court cannot proceed at all in any cause." *McCurdy v. Esmonde*, No. Civ. A. 02-4614, 2003 WL 223412, at *4 (E.D. Pa. Jan. 30, 2003) (citing *Steel Co. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998)). Thus, "the district court must be certain that federal subject matter jurisdiction is proper **before** entertaining a motion by [a] defendant under Federal Rule 12 to dismiss the plaintiff's complaint for failure to state a claim upon which relief may be granted." 14C Charles Alan Write, et al., Federal Practice and Procedure § 3739 (3d ed. 1998) (emphasis added); *see also Godsey v. Miller*, 9 Fed. App'x 380, 384 (6th Cir. 2001) (same).

As a result, Courts routinely relieve plaintiffs of the burden of responding to Rule 12 motions while a motion to remand is pending. *See, e.g.*, *Pyle v. Meritor Sav. Bank*, 821 F. Supp. 1072, 1074, 1078 (E.D. Pa. 1993); *Ramos v. Wal-Mart Stores, Inc.*, No. 5:16-cv-00304, 2016 WL 11698044, at *1 (E.D. Pa. Mar. 1, 2016); *see also Alrich v. Univ. of Phx., Inc.*, No. 3:15-CV-578, 2016 WL 427923, at *1 (W.D. Ky. Feb. 3, 2016); *Jiwani v. United Cellular, Inc.*, No. 3:13-cv-4243, 2014 WL 4805781, at *6 (N.D. Tex. Sept. 29, 2014); *Turner v. JPMorgan Chase Bank, N.A.*, No. GLR-12-2895, 2013 WL 212907, at *1 (D. Md. Jan. 18, 2013); *Sheinberg v. Princess Cruise Lines, Ltd.*, 269 F. Supp. 2d 1349, 1354 & n.1 (S.D. Fla. 2003); *Smith v. Raleigh Dist. of the N.C. Conference of the United Methodist Church*, No. 5:98-cv-715, 1999 WL 1940001, at *1 (E.D.N.C. Feb. 16, 1999). It makes perfect sense to avoid the waste of resources considering a motion that may never be ruled upon by the Court. If Williams is right, this case will be remanded to the Pennsylvania Court of Common Pleas of Allegheny County and Chemstream's

2

Motion for Judgment on the Pleadings will be moot. Alternatively, if this Court accepts jurisdiction of the case, delaying consideration of Chemstream's motion for judgment would not unnecessarily delay this case.

Staying the Court's ruling on Chemstream's motion will promote judicial economy, preserve resources, and simplify the issues before the Court. For example, a stay will promote judicial economy and avoid a waste of judicial resources by delaying the Court's review and disposition of an issue it (respectfully) does not have jurisdiction to decide. A stay will also reduce the cost imposed on Williams by what he considers to be an improper removal.

Moreover, a stay will not prejudice Chemstream because any relief available to it will remain available after the stay. *See Hertz Corp. v. Gator Corp.*, 250 F. Supp. 2d 421, 426 (D.N.J. 2003). If the Court grants Williams' Motion to Remand, this case will return to state court and Chemstream can seek dismissal there. If the Court denies Williams' Motion to Remand, Chemstream's Motion for Judgment on the Pleadings will proceed in this Court. Either way, the relief sought by Chemstream remains available to it.

Williams' requested stay is also reasonable in duration. Wiliams only requests ruling be stayed pending the disposition of his Motion to Remand. Therefore, any stay would be for a very short duration and would not be for an indeterminate period. *Id.* at 425 (stays pending a decision by a federal court are "about as determinate a time period [as] can be.").

This case is in its infancy. The Parties have not exchanged discovery, and no scheduling Order is in place yet. Staying the Court's consideration of Chemstream's Motion for Judgment on the Pleadings will thus not prejudice either party, will promote judicial economy, and conserve resources for the litigants.

**3.    CONCLUSION.**

As set forth herein, Williams respectfully asks the Court to stay its ruling on Chemstream's Motion for Judgment on the Pleadings until after the Court rules on Williams' Motion for Remand (Doc. 13) and determines whether it has subject matter jurisdiction.

**Dated: May 2, 2024**                              Respectfully submitted,

By: /s/ *Alyssa J. White*
  **Michael A. Josephson**
  PA Bar No. 308410
  **Andrew W. Dunlap**
  Texas Bar No. 24078444
  **Alyssa J. White**
  Texas Bar No. 24073014
  **JOSEPHSON DUNLAP, LLP**
  11 Greenway Plaza, Suite 3050
  Houston, Texas 77046
  Tel: (713) 352-1100
  Fax: (713) 352-3300
  mjosephson@mybackwages.com
  adunlap@mybackwages.com
  awhite@mybackwages.com

  **Richard J. (Rex) Burch**
  Texas Bar No. 24001807
  **BRUCKNER BURCH PLLC**
  11 Greenway Plaza, Suite 3025
  Houston, Texas 77046
  713-877-8788 – Telephone
  713-877-8065 – Facsimile
  rburch@brucknerburch.com

**Joshua P. Geist**
PA ID No. 85745
**William F. Goodrich**
PA ID No. 30235
**GOODRICH & GEIST PC**
3634 California Ave.
Pittsburgh, Pennsylvania 15212
412-766-1455 – Telephone
412-766-0300 – Facsimile
josh@goodrichandgeist.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF
AND PUTATIVE CLASS MEMBERS**

### CERTIFICATE OF SERVICE

I served a copy of this document on all counsel of record via the Court's ECF system on May 2, 2024.

*/s/ Alyssa J. White*
Alyssa White

### CERTIFICATE OF CONFERENCE

I hereby certify that on April 29, 2024, I conferred with counsel for Defendant Chemstream, Inc. prior to the filing of this Motion. Chemstream is opposed.

*/s/ Alyssa J. White*
Alyssa White